J. A. L. VAN DEN BOSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47202.    Promulgated July 20, 1932.

*Edmund B. Quiggle, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

680

## OPINION.

VAN FOSSAN: The translation of articles 280 and 281 of the Dutch Civil Code, as agreed upon by counsel for the petitioner and the respondent, is as follows:

### ARTICLE 280.

Should the husband upon whose petition a divorce shall have been pronounced not have sufficient means for his existence, the Court shall be able to allot a payment to him for his maintenance from the estate of the other party.

### ARTICLE 281.

Such payment shall be assessed according to the position and fortune of the party from whom such shall be due.

In the event of any considerable depreciation of such fortune, such payments shall be subject to reduction and shall cease at such time when the other party shall no longer have need thereof.

These articles apply to alimony awarded to either husband or wife.

A translation, similarly stipulated, of the pertinent provisions of the Netherlands income tax act, is as follows:

Income shall be understood to mean the sum of what in money or money value is received net as the proceeds of:

1. real property;
2. personal capital;
3. enterprise or labour;
4. rights to periodical payments dependent on life.

### ARTICLE 8.

The right to periodical payments, dependent upon life, embraces the pay granted of officers on leave, or indisponible (*sic.*), retention money, pensions, annuities, as well as money due for the maintenance of life, the setting up of a household and other matters and generally, allowances and payments made not connected with the occupation of an official post or as an employee and which cease on death of the person entitled thereto or a third party.

### ARTICLE 19.

To compute the taxable net income, the following, due by the taxpayer, but not connected with any source of his income, are deductible from the incomes specified under arts. 12–18 incl.:

  a. annuities, pensions and other periodical payments and allowances as referred to in Article 8;
  b. permanent interests;
  c. interest from other debts;
  d. premiums for life assurance, life interests or pensions;

all up to the annual amount at the commencement of the fiscal year, or on the coming into effect of the obligation to pay taxes, in the course of that year. * * *

Section 210 (a) of the Revenue Act of 1924, under which the respondent has found the deficiency against the petitioner for the year 1924, is as follows:

SEC. 210. (a) In lieu of the tax imposed by section 210 of the Revenue Act of 1921, there shall be levied, collected, and paid for each taxable year upon the net income of every individual (except as provided in subdivision (b) of this section) a normal tax * * *

Further relevant definitions found in the act are as follows:

SEC. 212. (a) In the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by sections 214 and 206.

 *       *       *       *       *       *       *

SEC. 213. For the purposes of this title, except as otherwise provided in section 233—

(a) The term "gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including in the case of the President of the United States, the judges of the Supreme and inferior courts of the United States and all other officers and employees, whether elected or appointed, of the United States, Alaska, Hawaii, or any political subdivision thereof, or the District of Columbia, the compensation received as such), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received * * *.

Section 210 (b) of the same act makes special provisions for the taxation of nonresident aliens, but the status of resident aliens, for income tax purposes, is the same as that of any other individual.

Corresponding sections of the Revenue Act of 1926 are essentially the same as those in the Revenue Act of 1924.

The petitioner contends that the issue is controlled by the law of the jurisdiction in which income has its situs. We do not believe the principle to be applicable to the present case. We find nothing in the laws of the Netherlands which holds that the divorced spouse had a vested right in the income of her former husband. Moreover, the various deductions allowable under the income tax laws of the United States exist only by virtue of statutory authorization. Under our revenue acts alimony is not deductible from gross income. See art. 291, Regulations 65 and 69. Payments of alimony may, under the Dutch law, be allowable deductions and still constitute part of the income of the petitioner under the law of the United States.

A study of the Netherlands income tax act and the stipulated facts convinces us that the income out of which the petitioner ordered alimony paid was received by him as the proceeds of real property or personal capital and, therefore, constituted a part of his gross income. The fact that under the Netherlands income tax act he may have been allowed a deduction for alimony paid for him by his agents to his divorced wife, can not affect his status as a taxpayer in the United States. We are not concerned with the allowances and privileges the Kingdom of the Netherlands may grant him. Cf. *Utermeyer* v. *Commissioner*, 59 Fed. (2d) 1004. His gross income is subject to the deductions which our legislation permits. The payment of alimony is not one of them. Therefore we sustain the action of the respondent in adding to the petitioner's taxable income the amount of alimony payments made by him or for him in the years 1924 and 1925.

*Judgment will be entered for the respondent.*